**NOT FOR PUBLICATION**

MAR 01 2016

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO LUGO PONSE, | No. 12-73318 |
| Petitioner, | Agency No. A027-116-914 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Department of Homeland Security

Submitted February 8, 2016[**]
Pasadena, California

Before: BERZON, DAVIS[***], and OWENS, Circuit Judges.

Pedro Lugo Ponse, a native and citizen of Mexico, petitions for review of the

Department of Homeland Security's ("DHS") September 18, 2012 order reinstating

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

his 1984 deportation order. We have jurisdiction pursuant to 8 U.S.C. § 1252. Our review, however, is "limited to confirming the agency's compliance with the reinstatement regulations." *Garcia de Rincon v. DHS*, 539 F.3d 1133, 1137 (9th Cir. 2008). We deny the petition for review.

1. The DHS did not err in issuing Ponse's reinstatement order where the record shows that Ponse is an alien, he is the subject of a prior deportation order, and he illegally reentered the country without inspection immediately following the execution of his deportation order. *See id.* (observing that our jurisdiction is limited to reviewing the "three discrete inquiries an immigration officer must make in order to reinstate a removal order: (1) whether the petitioner is an alien; (2) whether the petitioner was subject to a prior removal order; and (3) whether the petitioner re-entered illegally"); 8 U.S.C. § 1231(a)(5) (providing that, if the DHS "finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed").

2. Ponse first argues that his 1984 deportation order may not be reinstated because he fears persecution in Mexico. However, in the Record of Sworn Proceedings executed and signed by Ponse during his interview with a DHS

officer, Ponse answered "no" when asked whether he had "any fear of persecution or torture should [he] be removed from the United States." Because the immigration officer complied with the reinstatement regulations by verifying Ponse's identity, obtaining Ponse's underlying deportation order, confirming that Ponse's 1984 reentry was illegal, and asking Ponse whether he had any fear of persecution or torture should he be removed from the United States, to which Ponse responded in the negative, the DHS's reinstatement of Ponse's 1984 deportation order survives the narrow review that this Court may conduct. *See Garcia de Rincon,* 539 F.3d at 1137.

2. Ponse next argues that his 1984 deportation order cannot be reinstated because he applied to legalize his immigration status through the Special Agricultural Workers Program ("SAW Program") in 1991. The record shows, however, that the former Immigration and Naturalization Service ("INS") acted on and denied Ponse's SAW Program application on the merits prior to the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), *as amended by* Pub. L. No. 104-302 110 Stat. 3656 (Oct. 11, 1996). Further, despite Ponse's contention to the contrary, the INS's issuing of an Employment Authorization card for Ponse's use during the pendency of his SAW Program application did not amount to an

adjustment of his immigration status. *See* 8 U.S.C. § 1160(d)(2)(B) (providing that, "[d]uring [the] application period," an applicant under the SAW Program with non-frivolous claims is to be "granted authorization to engage in employment in the United States and be provided an 'employment authorized' endorsement or other appropriate work permit").

**PETITION FOR REVIEW DENIED.**

4